Mr. Chief Justice Johnson delivered the opinion of the court. The only question presented by the record in this case arises upon the demurrer of the plaintiff to defendants’ first plea. The plea sets up a former recovery in bar of the present action. The recovery thus relied upon is alleged to have been had directly against the steamboat Arkadelphia. The position taken by the defendant is, that the recovery set up as a bar to the present action was upon the same cause of action and substantially between the same parties. If this be true there can be no doubt of the sufficiency of the plea to estop the plaintiff in his present suit. The 4th section of the 18th chapter of the Digest provides that “ The plaintiff may make his election either to proceed against the owner or owners by their proper names, or by the name and style of their partnership, if known, or against such boat or vessel by her name or description only, which suit shall authorize and direct the seizure and detention of such boat or vessel, her engine, machinery, sails, rigging, tackle, apparel and furniture, by the sheriff or constable” : and the 6th section of the-same act, provides further that “ Upon the return of such attachment the plaintiff shall file a written declaration or statement, against such boat or vessel by her name or description., or against the owner or owners, as the case may be, briefly reciting the nature of the demand, whether for work or labor done, or materials, firewood or supplies of provisions furnished, and whether at the request of the owner, master, supercargo or consignee off such boat or vessel, and that such demand remains unpaid, annexing to such declaration or statement a bill of the particulars-constituting such demand, in separate and distinct items.” It is-clear from these two sections of the statute that two separate- and distinct judgments are contemplated by it. The one directly against the boat itself and the other against the owner or owners-of the boat. If the action be strictly in rem and solely against-the boat itself by name or description, it is clear that no judgment could be rendered that could be enforced against any other-property belonging to the owner. It is conceded that whether the suit is against the boat directly by name or description, or against the owner or owners, the declaration must recite or set out by whom the contract was made; yet if it be against the boat the judgment would also be against her, and not generally against the owner. See Holeman & Winters vs. Steamboat P. H. White, decided at the present term. This being the case the judgment against the boat by name or description could be used alone to enforce the specific lien and could not be resorted to as the basis of an execution by which to subject other property belonging to the owner or owners of the boat. We consider it clear therefore that a judgment against the boat is not even substantially a judgment against the owners and that consequently the former recovery set up in the first plea is no bar to the present action. In case that the boat had been exposed to sale under the jungment against it and the money made so as to have discharged the lien, no good reason is perceived why such judgment, with an express averment of satisfaction, might not have been set up by way of estoppel, or if the defendants had preferred it, there can be no doubt but that they could have shown it under the plea of payment. If the specific lien upon the boat given by the statute, had been designed, in case the plaintiff elected to pursue it, to cut him off from his remedy against the other property of the owner, there could be no doubt but that a mere recovery against the boat, whether satisfaction had followed or not, would have been a complete bar to the present suit. But such is not the view that we have taken of the statute. The specific lien given upon the boat, so far from being designed to cut off or in any manner impair the general remedy previously existing, is cumulative and as a matter of course upon a failure of the one, the party is entitled to resort to the other. We are clear therefore that the matter set up in the first plea of the defendants, admitting it to be true in fact, is wholly insufficient to bar the present suit. The judgment of Clark circuit court in overruling the demurrer to the said first plea is erroneous and the same is therefore reversed and the cause remanded to be proceeded in according to law and not inconsistent with this opinion. Mr. Justice Scott, not sitting.